NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0825n.06
Filed: October 7, 2005

No. 04-3930

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRIAN TOLBERT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FORD MOTOR COMPANY, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |

**Before: GUY, BATCHELDER, AND GILMAN, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Brian Tolbert, an African-American male, started working as a pipefitter for the Ford Motor Company in 1996. In May of 2000, Tolbert was sprayed in the nose and mouth with white paint during a racially charged altercation with a fellow employee. He was never given clearance to return to work due to his self-expressed emotion of feeling "postal" and because he failed a routine drug test as part of his reinstatement physical. Tolbert eventually brought suit against Ford, claiming that: (1) he had been discriminated against on the basis of his race, (2) Ford had retaliated against him for filing a civil rights complaint and a workers' compensation claim, and (3) he had been discriminated against on the basis of a disability. Ford moved for summary judgment on all of the claims. The district court granted the motion. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

Tolbert argues on appeal that the district court misconstrued the appropriate legal standard under the *McDonnell Douglas* burden-shifting framework when it failed to cite *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000). This omission, Tolbert argues, caused the district court to reject certain "biased remarks" as "not probative." Tolbert further maintains that, following *Reeves*, "uncorroborated evidence of the decisionmaker as to his or her nondiscriminatory reasons may no longer be given credence on summary judgment."

In *Reeves*, the 57-year-old plaintiff claimed that he had been unlawfully terminated from his job because of his age. *Id*. at 138. The jury found in favor of the plaintiff, but the Fifth Circuit overturned the verdict. *Id*. at 139. In concluding that the plaintiff had not introduced evidence sufficient to sustain the jury's findings, the Fifth Circuit reasoned, in effect, that the plaintiff had failed to provide any "smoking gun" evidence of discrimination. *Id.*

The Supreme Court reversed. It first articulated the familiar burden-shifting standard employed by the federal courts in the discrimination context:

> *McDonnell Douglas* and subsequent decisions have established an allocation of the burden of production and an order for the presentation of proof in . . . discriminatory-treatment cases. First, the plaintiff must establish a prima facie case of discrimination. . . . The burden [then shifts to the defendant] to produce evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. This burden is one of production, not persuasion; it can involve no credibility assessment.

*Id.* at 142 (citations and quotation marks omitted) (alterations in original). The Court further noted that

> [a]lthough intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.

> And in attempting to satisfy this burden, the plaintiff—once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision—must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. That is, the plaintiff may attempt to establish that he was the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence. Moreover, . . . the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual.

*Id.* (citations and quotation marks omitted) (alterations in original).

Although Tolbert argues to the contrary, this was the exact standard employed by the district court in its discussion of the *McDonnell Douglas* burden-shifting standard. Indeed, the district court's chief authority, *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), was one of the primary sources relied on by *Reeves*. The district court did not explicitly cite *Reeves* (nor, given the ample caselaw on point, did it have to), but its analysis of the appropriate legal standard was nonetheless identical to the one employed by that opinion. *See Reeves*, 530 U.S. at 142-43.

Tolbert's argument that *Reeves* lessens a plaintiff's burden of establishing pretext is likewise incorrect. *Reeves*'s holding centered on the ruling by the Fifth Circuit that the plaintiff had not sufficiently demonstrated that the defendant's reason for dismissing him was pretextual. In analyzing the plaintiff's argument, the Supreme Court first noted that the plaintiff had, through his testimony, "made a substantial showing that [the defendant's claim] was false." *Id.* at 144. The Court then reasoned that prior caselaw, including the same cases relied on by the district court in the present case, made "it . . . permissible for the trier of fact to infer the ultimate fact of

discrimination from the falsity of the employer's explanation." *Id.* at 147. It further commented that the Fifth Circuit "had erred in proceeding from the premise that a plaintiff must always introduce additional, independent evidence of discrimination." *Id.* at 149.

This analysis is fully consistent with the reasoning employed by the district court. In reviewing Tolbert's argument that Ford offered pretextual, rather than legitimate, reasons for refusing to allow his return to work, the district court did not require Tolbert to "introduce additional, independent evidence of discrimination," *id.*, as was required by the Fifth Circuit. To the contrary, like the Court in *Reeves*, the district court examined whether Ford's "proffered reasons for requiring Plaintiff to obtain a psychiatric release prior to returning to work were false." Tolbert, unlike the plaintiff in *Reeves*, was unable to demonstrate the falsity of Ford's reasons. We therefore reject Tolbert's contention that the district court employed an incorrect legal standard.

We also reject Tolbert's arguments that the district court erred in (1) concluding that he had not presented direct evidence of racial discrimination, (2) finding that Ford's proffered reasons were not pretextual, and (3) dismissing Tolbert's claims of retaliation. Because the reasoning that supports the summary judgment for Ford has been clearly articulated by the district court in a thorough and well-written opinion, and because we are unpersuaded by Tolbert's argument that the district court's failure to cite *Reeves* is fatal, the issuance by us of a detailed written opinion on these remaining issues would be unduly duplicative. The summary judgment order rendered by the Honorable Donald C. Nugent, Judge of the United States District Court for the Northern District of Ohio, is accordingly **AFFIRMED** on the basis of the reasoning detailed in his Opinion dated June 18, 2004.